IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DAVID COON**                                                                           **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 5:24-CV-80-DCB-ASH**

**AARYAN, INC.,**
*doing business as* **Deerfield Inn**                                        **DEFENDANT**

## ORDER

The Court has before it the Motion to Withdraw Admissions [ECF No. 20] filed by Plaintiff David Coon ("Coon" or "Plaintiff Coon") and the Motion for Summary Judgment [ECF No. 16] filed by Defendant Aaryan, Inc. ("Aaryan" or "Defendant Aaryan"). Because ruling on the Motion to Withdraw Admissions is dispositive of the Motion for Summary Judgment, the Court will address the Motion to Withdraw first. The Court finds as follows:

### I. BACKGROUND

On August 26, 2024, Plaintiff David Coon filed a complaint against Defendant Aaryan alleging negligence in "failing to provide a safe environment for guests" and a "failure to provide a safety mat, handle, or any other anti-slip devices in the shower." [ECF No. 1] at 2. Defendant Aaryan operates under the business name "Deerfield Inn" and is currently located at 521 Apache Drive in Pike County, Mississippi. Id. This lawsuit arose

after Plaintiff Coon, while exiting the shower in his room at the Deerfield Inn, slipped and sustained rib fractures and a lumbar spine rupture. Id. Defendant's answer was timely filed on October 23, 2024 and all liability was denied. [ECF No. 5]. Discovery was served on the Plaintiff on January 13, 2025, and included interrogatories, requests for admissions, and request for production. [ECF No. 11,12,13]. There were four (4) Requests for Admissions, and which asked the Plaintiff to admit the following:

1. Please admit that subject bathroom contained a sand surface grit bathtub at the time of the incident.
2. Please admit that you were under the influence of alcohol, drugs, or medication at the time of the incident.
3. Please admit that you did not experience any prior issues with the bathtubs/showers during your previous stays at the Deerfield Inn.
4. Please admit that the subject bathroom contained a bathmat at the time the incident occurred.

[ECF No. 16-1]. (Quotations omitted). None of the discovery requests were ever responded to by Plaintiff Coon and no explanation has been provided as to why he has not responded. On May 7, 2025, Defendant Aaryan, after not receiving a response from Plaintiff Coon, filed a Motion for Summary Judgment arguing that because the "Plaintiff's response [to the Requests for Admissions]

2

was due on or before February 12, 2025... [and] [t]o date, Plaintiff has not responded to the Requests for Admissions... [they] are now deemed admitted and conclusively established as a mater of law." [ECF No. 17] at 2. Plaintiff Coon then filed a Motion to Withdraw Admissions Pursuant to Rule 36(b) [ECF No. 20] asking the Court to not deem all matters admitted and to allow the action to be resolved on the merits as the discovery process is currently ongoing. [ECF No. 21] at 3. Defendant Arryan responded to the Motion to Withdraw on June 4, 2025, asking the Court to deny Plaintiff's motion. [ECF No. 25].

II. LEGAL STANDARD

Federal Rule of Civil Procedure 36(a) states in pertinent part: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. Proc. 36(a)(1)(A-B). Further, it provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Id. at (3).

The Fifth Circuit has continuously held that "[f]or Rule 36 to be effective in [allowing litigants to narrow down issues prior to trial], litigants must be able to rely on the fact that matters admitted will not later be subject to challenge." In re Carney, 258 F.3d 415, 419 (5th Cir. 2001) (citing AAA v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1119 (5th Cir. 1991)). Therefore, the Fifth Circuit has "stressed that a deemed admission can only be withdrawn or amended by motion". Id.; Fed. R. Civ. Proc. 36(b).

Rule 36(b) sets forth a two-factor test that must be satisfied before a trial court may permit the withdrawal or amendment of an admission. First, the moving party must prove that withdrawal or amendment would "promote the presentation of the merits of the action." Id. Second, the party who obtained the admission must fail to satisfy the court that withdrawal or amendment "would prejudice the requesting party in maintaining or defending the action on the merits." Id. Even when a party establishes both factors of this test, "a district court still has the discretion to deny a request for leave to withdraw or amend an admission." In re Carney, 258 F.3d at 419; Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir. 1983) ("Because the language of [Rule 36(b)] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule.").

4

**III. DISCUSSION**

**A. Plaintiff Coon Demonstrated that Withdrawal Would Promote a Decision on the Merits**

The first factor of the two-part test established in Federal Rule of Civil Procedure 36(b) asks, "whether denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case....". FDIC v. Denson, 908 F. Supp. 2d 792, 807 (S.D. Miss. 2012)(citing Hadley v. U.S., 45 F.3d 1345, 1348 (9th Cir. 1995)). Additionally, other courts have considered whether "the admission is contrary to the record of the case," or if the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission." N. La. Rehab. Ctr., Inc. v. United States, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting Ropfogel v. United States, 138 F.R.D. 579, 583 (D. Kan. 1991)).

Here, the admissions deemed admitted under Rule 36 include facts central to the core issues of liability and causation – namely, whether the shower contained a slip-resistant surface, whether a bathmat was present, and whether the Plaintiff was under the influence of drugs, medication, or alcohol at the time of the incident. Each of these admissions directly concern the circumstances surrounding the alleged fall and the condition of the premises, which are fundamental to Plaintiff's negligence claim.

5

Further, at this stage of litigation, discovery remains ongoing. The record currently contains no photographic or documentary proof establishing whether a bathmat was or was not present in the shower at the time of the incident. Plaintiff Coon asserts, however, that he "has photographic proof that no mat was in the shower in question on the date of the fall". [ECF No. 21] at 3. He asserts, too, that "whether the tub had a sand surface grit can only be substantiated through expert testimony". Id. These ongoing discovery efforts and potential expert determinations constitute changes in circumstances that may affect the truth or accuracy of the admissions as presently deemed.

The Court finds that if the admissions were to stand, Plaintiff would effectively be precluded from presenting any meaningful evidence on these central issues, thereby eliminating a full presentation of the merits. Therefore, factor one is satisfied.

**B. Defendant Aaryan Failed to Show that Withdrawal Would Result in Prejudice**

As it relates to the second factor of the two-part test established in Federal Rule of Civil Procedure 36(b), "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." AAA, 930 F. 2d at 1120; Thanedar v. Time Warner, Inc.,

6

352 F. App'x 891, 896 (5th Cir. 2009). Furthermore, "[t]he necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient. Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." N. La. Rehab. Ctr., Inc., 179 F. Supp. 2d at 663 (citing F.D.I.C. v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994)) (internal citations omitted).

In this case, the Defendant has not demonstrated that withdrawal of the admissions would cause such prejudice. The litigation remains in the discovery phase, and both parties continue to exchange information and develop their respective theories of the case. Allowing withdrawal at this stage will merely require Defendant to prove matters that are already central to the case and that Defendant would, in any event, have been required to establish. Additionally, Defendant's Motion for Summary Judgment made in reliance upon the erroneous admissions is not the kind of prejudice contemplated by Rule 36(b), and the Defendant's need to now obtain evidence regarding the Plaintiff's erroneous admission cannot be characterized as sudden. Therefore, the Court finds that the Defendant would not be prejudiced by permitting the Plaintiff to withdraw his admissions and the second factor is satisfied.

Having considered the factors set forth in Rule 36(b) of the Federal Rules of Civil Procedure, the Court finds that both prongs

of the Rule are satisfied. Allowing withdrawal of the deemed admissions will promote the presentation of the merits of this action and will not prejudice the Defendant in maintaining its defense on the merits.

### C. Effect on Pending Motion for Summary Judgment

The Court notes that Defendant's Motion for Summary Judgment is based primarily upon the admissions that are the subject of this Order. Because the Court has permitted withdrawal of those admissions, the factual basis supporting summary judgment no longer exists. Therefore, the Court finds that the Motion for Summary Judgment is denied without prejudice.

**ACCORDINGLY,**

**IT IS ORDERED** that Plaintiff's Motion to Withdraw Admissions is hereby **GRANTED**. The Plaintiff shall be permitted to serve responses to Defendant's Requests for Admission within five (5) days of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, being dependent upon the previously deemed admissions, is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED,** this 15th day of October 2025.

    /s/David C. Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE

**SO ORDERED,** this 15th day of October 2025.

    /s/David C. Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE